UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8688-GW-AJRx | Date | September 22, 2025 |
|---|---|---|---|
| Title | *Titanium Trading Group Pty, Ltd. v. CN-USA Express, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:     IN CHAMBERS - ORDER TO SHOW CAUSE RE: JURISDICTION**

On September 12, 2025, plaintiff Titanium Trading Group Pty Ltd. ("Titanium") filed suit in this Court. *See* Complaint, Docket No. 1. Titanium asserted that this Court had subject matter jurisdiction based upon diversity under 28 U.S.C. § 1332(a)(1) because "Plaintiff is an Australian Limited Liability Company with its principal place of business in Australia, and the Defendants are companies organized under the laws of California, China, and Hong Kong, with their principal places of business in California, China, and Hong Kong, and the amount in controversy in this action, exclusive of costs and interest, exceeds $75,000." *Id*. ¶ 16. Titanium has filed an ex parte application for writ of possession, temporary restraining order, and order to show cause regarding preliminary injunction ("Ex Parte Application," Docket No. 10).

Titanium is alleged to be a limited liability company organized under the laws of Australia. *Id*. ¶ 8. Titanium asserts six causes of action: (1) breach of contract; (2) intentional interference with contractual relations; (3) claim and delivery; (4) conversion; (5) withholding stolen property under Cal. Pen. Code § 496; and (6) trespass to chattel against CN-USA Express Inc. ("CN-USA"), Hangzhou Jiaming Yichang Technology Co., Pty, Ltd. ("HJY Tech"), FlexFulfills Limited ("FlexFulfills"), and Does 1-10 (collectively, "Defendants"). *See generally id.* CN-USA is purportedly a corporation organized under the laws of California with its principal place of business within the state. *Id*. ¶ 9. HJY Tech is alleged to be a limited liability company organized under the laws of the People's Republic of China with its principal place of business in Chinia. *Id*. ¶ 11. FlexFulfills is a limited liability company organized under the laws of Hong Kong with its principal place of business in Hong Kong. *Id*. ¶ 13.

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction to adjudicate only those cases authorized by the United States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This Court is obligated to consider its subject matter jurisdiction in every case that comes before it, even if no party challenges it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Jurisdictional challenges can be raised at any time – indeed, federal courts have "a duty to consider

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8688-GW-AJRx | Date | September 22, 2025 |
|---|---|---|---|
| Title | *Titanium Trading Group Pty, Ltd. v. CN-USA Express, Inc., et al.* | | |

them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023).

    28 U.S.C. § 1331(a)(2) "vests federal district courts with subject matter jurisdiction over suits involving 'citizens of a State and citizens or subjects of a foreign state,' but not over suits in which 'aliens are on both sides of the case.'" *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024) (quoting 28 U.S.C. § 1331(a)(2) and then *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569 (2004)) (citations and brackets omitted).  A court "must dismiss [a] case for lack of complete diversity of the parties" where there are "aliens on both sides of the litigation."  *Arai v. Tachibana*, 778 F. Supp. 1535, 1543 (D. Haw. 1991) (finding no alienage jurisdiction in action brought by Japanese citizens against Hawaiian citizen and Japanese citizens permanently residing in Hawaii); *see also, Faysound, Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294 (9th Cir. 1989) (diversity jurisdiction may not be present where an alien plaintiff sues a U.S. citizen defendant and an alien co-defendant); *Satarco Kish Trading, LLC v. Wamar Int'l Grp., LLC*, No. CV-15-05206-BRO-(JCx), 2015 U.S. Dist. LEXIS 182102, *2 (C.D. Cal. 2015) (diverisy jurisdiction not present when a United Arab Emirates limited liability company (with its principal place of business in Dubai) plaintiff sued a California limited liability company (whose members were all California citizens) and a french corporation).  For purposes of subject matter jurisdiction, a limited liability company is deemed to be a citizen of every state (or country) of which its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

    Here, there appear to be "aliens on both sides of the litigation," (*Voltage Pictures,* 92 F.4th at 822) and, hence, diversity jurisdiction may not actually be present.  Therefore, Titanium is **ORDERED TO SHOW CAUSE** in writing no later than noon on September 29, 2025, as to why this Court has subject matter jurisdiction over this action given the presence of foreign citizens on both sides of the litigation.  It is especially noted that Plaintiff must establish the citizenship of all members of any limited liability company that is a party in this action.  Titanium shall have an opportunity for oral argument on the issue of jurisdiction at a hearing on October 2, 2025 at 8:30 A.M.  Titanium's Ex Parte Application will not be considered pending the resolution of this jurisdictional issue.

    **IT IS SO ORDERED.**